IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN B. JONES, SR.                 *

Petitioner                            *

v.                                    *       Civil Action No. JKB-14-2547

WARDEN J. PHILIP MORGAN, et al.       *

Respondents                           *
                                    ***

# MEMORANDUM

Respondents assert that the above-captioned petition for writ of habeas corpus is subject to dismissal because it is time-barred. ECF 5. Petitioner has filed a reply regarding the timeliness issue (ECF 7 and 8) as well as motions for bail review and for appointment of counsel (ECF 14 – 16). The court finds a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." Having determined that the instant case requires no evidentiary hearing, petitioner's motion for appointment of counsel (ECF 15) shall be denied. Petitioner's motions for bail review (ECF 14 and 16) assert as grounds that his sentence is illegal.[1] Because the petition must be dismissed on procedural grounds, the motions shall be denied.

---

[1] To the extent that petitioner asserts his current confinement violates Maryland state law entitling him to bail review (ECF 14 and 16), it fails to state a claim for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions.").

Petitioner Stephen Jones, Sr. ("Jones"), was tried by a jury sitting in the Circuit Court for Kent County on April 12 and 13, 2010, for charges of child abuse, sexual abuse of a minor, and related offenses. Jones was convicted of second degree child abuse, sexual abuse of a minor, second degree assault, and continuing course of conduct with a child and on June 4, 2010, was sentenced to serve 40 years in prison. ECF 5 at Ex. 1 and 3.

Jones filed a direct appeal with the Court of Special Appeals. His conviction was affirmed by the appellate court on July 26, 2012.[2]  Id.  Jones's petition for writ of certiorari filed with the Maryland Court of Appeals was denied on November 19, 2012. Id. at Ex. 4. Jones did not seek further review from the United States Supreme Court, making his conviction final for purposes of federal habeas review on February 19, 2013, the date his time for filing a petition with the Supreme Court expired. See Sup. Ct. Rule 13.1 (petition for writ of certiorari must be filed within 90 days of the date of judgment from which review is sought).

On July 9, 2013, which was 104 days after his conviction became final, Jones filed a petition for post-conviction relief in the Circuit Court. ECF 5 at Ex. 2. On July 16, 2013, post-conviction relief was denied. Id. Jones did not file a timely application for leave to appeal the adverse ruling of the post-conviction court, which became final on August 15, 2013.[3] See Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought).

A one-year statute of limitations applies to habeas petitions in non-capital cases filed by a person convicted in a state court. See 28 U.S.C. § 2244(d). This section provides:

---

[2] While the direct appeal was pending, Jones filed a petition for writ of habeas corpus in state court on June 8, 2012. ECF 5 at Ex. 2. That petition was denied on March 27, 2013, and was not subject to appellate review. See Md. Code Ann., Cts & Jud. Proc., §12-301.

[3] Jones's untimely application for leave to appeal was dismissed by the Court of Special Appeals on jurisdictional grounds. ECF 5 at Ex. 5.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Application of these provisions to the instant case reveals the following. When Jones filed in 2013 for post-conviction relief, 104 days of the one-year limitation period had already expired. While Jones's post-conviction petition was pending, the remaining 261 days were tolled. Once post-conviction proceedings became final, on August 15, 2013, Jones had 261 days to file a federal habeas corpus petition, or until May 5, 2014.[4] *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) (per curiam) (AEDPA clock restarts when state court completes post-

---

[4] May 5, 2014, is the first "business day" occurring after the actual filing deadline of Saturday, May 3, 2014.

conviction review); *Lawrence v. Florida,* 549 U.S. 327 (same).  The instant petition was filed more than three months later, on August 7, 2014,[5] and is therefore untimely.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Jones must establish that either some wrongful conduct by the State contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris,* 209 F.3d at 330.

Jones offers no basis for equitable tolling in his response.  ECF 7 and 8.  Rather, it appears that Jones misunderstands the filing deadline and maintains that his petition is timely. *See* ECF 8 at pp. 6-7.  In addition, Jones argues that state procedural rules regarding his initial appearance following his arrest were violated, making his incarceration illegal.  ECF 7 and 8.  Despite having been advised that he must offer some explanation regarding the untimely filing of his petition, Jones has failed to do so.  The petition must be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Jones has failed to satisfy this standard in any of the pleadings filed.  Thus, a certificate of appealability will not issue.

---

[5] The petition is deemed filed the date it was signed by Jones.  *See United States v. Dorsey,* 988 F. Supp. 917, 919-30 (D. Md. 1998).

A separate order follows.

_____May 27, 2015_____        _____/s/ James K. Bredar_____
Date                                                                James K. Bredar
                                                                    United States District Judge